UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDREE BLACK,

    Plaintiff,

vs.

CORRECTIONAL OFFICER
MONAHAN, et al.,

    Defendants.

_____/

Case No. 19-12930

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) OVERRULING DEFENDANTS' OBJECTION (Dkt. 25), (2) ADOPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 23), AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 17)**

Plaintiff D'Andree Black, a prisoner confined at the G. Robert Cotton Correctional Facility, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Elizabeth A. Stafford for a Report and Recommendation ("R&R"). Defendants filed a motion for summary judgment (Dkt. 17), and Magistrate Judge Stafford issued an R&R recommending that the Court grant in part and deny in part the motion (Dkt. 23). Black filed an objection to the R&R (Dkt. 25), and Defendants filed a response (Dkt. 27).

For the reasons that follow, the Court overrules Black's objection and adopts the recommendation contained in the magistrate judge's R&R. Defendants' motion is granted in part and denied in part.

**I. BACKGROUND**

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Black alleges that while he was

1

incarcerated at the Cooper Street Correctional Facility, Defendant Nicholas Monahan handcuffed him so tightly that Black experienced extreme pain and lost consciousness. Additionally, Black alleges that Monahan placed him in segregation in a room with open windows, exposing him to 20-degree weather for approximately 72 hours. Defendant James Cooper, Monahan's supervisor, allegedly witnessed these events but made no effort to correct Monahan's misconduct. Black has filed this action under 42 U.S.C. § 1983, alleging violations of the Fourth and Eighth Amendments. Defendants filed a motion for summary judgment, arguing that Black failed to exhaust his administrative remedies and that the Eleventh Amendment protects them from suit in their official capacities.

In the R&R, Magistrate Judge Stafford recommended denying Defendants' motion with respect to the failure-to-exhaust argument. R&R at 12. However, she recommended granting summary judgment in favor of Defendants with respect to the claims asserted against them in their official capacities, as they are entitled to sovereign immunity under the Eleventh Amendment. Id. at 13.

## II. LEGAL STANDARD

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised

2

for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).

### III. DISCUSSION

Black objects to the magistrate judge's conclusion that his claims against Defendants in their official capacities are barred under the Eleventh Amendment. Though his arguments are not clearly articulated, Black appears to argue that qualified immunity does not operate to bar his claims, Objection at 4-6, and that the Eleventh Amendment does not bar suit against prison officials in their official capacities, id. at 6-10. Both arguments are unavailing.

Black's qualified immunity argument confuses the issue. The magistrate judge concluded that the official capacity claims against Defendants were barred under Eleventh Amendment sovereign immunity, a concept distinct from qualified immunity. See Bradford v. Child Protective Servs. of Mich. Genesee Cty., No. 12–cv–13718, 2013 WL 4084756, at *5 n.3 (E.D. Mich. Aug. 13, 2013) (citing Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 163-164 (2d Cir. 2005) ("Personal immunities such as qualified immunities are separate and distinct from sovereign immunity under the Eleventh Amendment."). Defendants did not raise a qualified immunity argument in their motion, nor did the magistrate judge address qualified immunity. Accordingly, qualified immunity has no bearing on the analysis.

Black's argument that the Eleventh Amendment does not bar official capacity claims against state officials similarly lacks merit. It is well established that state prison officials "are entitled to Eleventh Amendment immunity on . . . claims for damages against them in their official capacities." Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Cty., 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.")). The

authority cited by Black does not contradict this principle. Those cases merely acknowledge that a state official sued in his personal or individual capacity, as opposed to his official capacity, is not shielded from liability by the Eleventh Amendment. See Scheuer v. Rhodes, 416 U.S. 232, 237-238 (1974); Spicer v. Hilton, 618 F.2d 232, 236 (3d Cir. 1980). Here, while the Court agrees with the magistrate judge's conclusion that Black's claims against Defendants in their official capacities are barred under the Eleventh Amendment, Black's claims against them in their individual capacities remain viable.

### IV.  CONCLUSION

For the reasons stated above, Black's objection is overruled (Dkt. 25), the R&R is adopted (Dkt. 23), and Defendants' motion for summary judgment is granted in part and denied in part (Dkt. 17).

SO ORDERED.

Dated: January 19, 2021      s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2021.

                                                            s/Karri Sandusky
                                                            Case Manager