UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDREE BLACK,

    Plaintiff,

v.

NICHOLAS MONAHAN and
JAMES COOPER,

    Defendants.
_____/

Civil Action No.: 2:19-cv-12930
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT [ECF NO. 37]</u>**

### I.    Introduction

Plaintiff D'Andree Black, a prisoner proceeding *pro se*, sues Michigan Department of Corrections (MDOC) Officers Nicholas Monahan and James Cooper under 42 U.S.C. § 1983. Black alleges that the officers violated his rights under the Eighth and Fourteenth Amendments. ECF No. 36. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 16.

Defendants move for summary judgment. ECF No. 37. The Court recommends that summary judgment of the claims against Monahan be

granted, but that summary judgment of the claims against Cooper be denied.

## II.  Background

Black's amended complaint alleges that in February 2019, Monahan approached him "for no apparent rhyme or reason" in front of the property room and "placed the handcuffs on [Black] extremely to[o] tight."  ECF No. 36, PageID.305-306, ¶¶ 10, 12.  When Black asked Monahan to loosen the handcuffs, Monahan allegedly responded, "If you would had turn [sic] your ass around and cuff-up I wouldn't had to put them on so tight, that will teach you a lesson."  *Id.*, PageID.306, ¶ 13.  Black then "lost consciousness due to the extreme tightness and pain" while being escorted to segregation.  *Id.*, PageID.306, ¶ 14.

Black also asserts that his segregation cell had open windows that exposed him to 20-degree winter weather for about 72 hours.  *Id.*, PageID.306, ¶ 15.  Black says that he asked Monahan and Cooper to close the windows, but that Monahan laughed and said, "A little cold winter air never help anyone."  *Id.*, PageID.306, ¶ 16.

Black says that he suffered "momentary loss of consciousness, temporary loss of mobility in the right hand and left hand, broken skin, redness, swelling," and continuing nerve damage.  *Id.*, PageID.307, ¶ 20.

He alleges that a nurse found that the too-tight handcuffs caused the nerve damage, and she referred him to a doctor. *Id.*, PageID.308, ¶ 21. Black seeks compensatory and punitive damages. *Id.*, PageID.309-310.

### III. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380

3

(2007). But "the failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). A scintilla of evidence is also insufficient; "there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.

In their motion for summary judgment, defendants show that Monahan was not on duty on the day of the alleged constitutional violations. ECF No. 36, PageID.302; ECF No. 37, PageID.330; ECF No. 37-3; ECF No. 37-4; ECF No. 37-5. Black concedes in his response that he named the wrong officer. ECF No. 39, PageID.367. Thus, summary judgment of the claims against Monahan should be granted.

But Black's claims against Cooper should survive summary judgment.

**B.**

Black says that his claims against Cooper arise from his supervisory role. ECF No. 36, PageID.307. To hold Cooper liable under § 1983, Black must show that Cooper actively engaged in unconstitutional behavior. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). "[A] mere failure to act will not suffice to establish supervisory liability." *Id*. A supervisor may be held liable if he encouraged or directly participated in the alleged misconduct. *Id*. "We have interpreted this standard to mean

4

that at a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (citation and internal quotation marks omitted). A court must consider "whether there is a causal connection between the defendant's wrongful conduct and the violation alleged." *Id.*

Black's deposition testimony raises a genuine dispute about whether Cooper implicitly authorized and directly participated in the alleged unconstitutional conduct. ECF No. 37-2. Black alleged that Cooper was present when the handcuffs were placed on him too tightly, but that Copper did not intervene. *Id*., PageID.350. Black said he told Cooper that the handcuffs were too tight and asked Cooper to loosen them, but that Cooper responded, "I don't give a damn about no handcuffs being too tight, I want you to get up and start walking right now." *Id.* And Black claimed that both Cooper and the other officer exposed him to "20 below zero" temperatures in segregation. *Id*., PageID.340. A causal connection exists between Cooper's alleged wrongful conduct and the alleged constitutional violations.

The Court thus **RECOMMENDS** that defendants' motion for summary judgment (ECF No. 37) be **GRANTED** for the claims against Monahan and **DENIED** for the claims against Cooper.

                                                                                                               s/Elizabeth A. Stafford
                                                                                                                ELIZABETH A. STAFFORD
                                                                                                                United States Magistrate Judge

Dated: December 7, 2021

## **<u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>**

     Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

     Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2021.

                                                    s/Marlena Williams  
                                                    MARLENA WILLIAMS  
                                                    Case Manager