UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDREE BLACK,

    Plaintiff,

v.

NICHOLAS MONAHAN and
JAMES COOPER,

    Defendants.
_____/

Civil Action No.: 2:19-cv-12930
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND HIS COMPLAINT [ECF NO. 39]**

Plaintiff D'Andree Blacked learned from defendants' motion for summary judgment that, in his amended complaint, he misidentified the corrections officers who he alleges committed misconduct as Nicholas Monahan. ECF No. 36; ECF No. 37. As part of his response to the motion for summary judgment, Black requests leave to amend his complaint so that he can "obtain the correct name" of the correction officer who allegedly violated his constitutional rights. ECF No. 39, PageID.367. Black blames a prison administrative official for giving him false information, but he does not explain what measures he took to determine the officer's identity. *Id*.

1

Defendants note that Black failed to attach a complete proposed amended complaint.  ECF No. 40, PageID.375.  Black thus violated E.D. Mich. LR 15.1, which states, "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading . . . must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  Black's effort to amend his complaint is also too late.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation and internal quotation marks omitted).  Delay alone is not reason to deny a motion to amend, but at some point "delay becomes 'undue,' placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citation and internal quotation marks omitted).

Allowing amendments at or after the close of discovery is considered *per se* prejudicial in that they require the reopening of discovery and force the opposing party to prepare to defend a new claim.  *Duggins v. Steak 'N*

2

*Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *3-*4 (E.D. Tenn. Jan. 21, 2011).  Thus, a party moving to amend pleadings at a late stage in the litigation faces an increased burden to justify the failure to move earlier. *Duggins*, 195 F.3d at 834.

Discovery in this case closed in April 2021, two months before Black sought leave to amend, and he has not moved to reopen discovery. ECF No. 29; ECF No. 39.  Thus, Black would have no discovery tools to obtain the identity of the officer at issue; granting him leave to amend his complaint would be futile.  And Black has failed to meet his increased burden to justify his failure to identify the officer earlier.  His conclusory allegation that an administrative official gave him false information is not enough.

The Court thus **DENIES** Black's motion to amend the complaint to include the name of the correct defendant, ECF No. 39.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 7, 2021

3

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2021.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager